THE STATE, EX REL. DAY, SUPT., BUILDING AND LOAN
ASSOCIATIONS, *v.* SUPERIOR SAVINGS & LOAN ASSN.

(No. 68-481—Decided February 10, 1971.)

80

*Mr. Paul W. Brown,* attorney general, and *Mr. James G. Kahle,* for relator.

*Messrs. Diehm & Farber* and *Mr. Frank G. O'Bell,* for respondent.

CORRIGAN, J. The determinative issue in this action is whether relator, by attacking the corporate franchise of respondent in quo warranto, has chosen the proper remedy.

Quo warranto is a high prerogative writ of an extraordinary nature which "is to be used generally with caution and discretion, and in the public interest." *State, ex rel. Herbert,* v. *Standard Oil Co.* (1941), 138 Ohio St. 376, 383.

In *State, ex rel. Klapp,* v. *Dayton Power & Light Co.* (1967), 10 Ohio St. 2d 14, it was held that an action in quo warranto was not maintainable where it would have the effect of bypassing a statutory scheme of regulation enacted by the General Assembly to govern public utilities.

This court recognized the "quasi-public" character of building and loan associations in *State, ex rel. Bettman,* v. *Court of Common Pleas* (1931), 124 Ohio St. 269. It was there held that "the method prescribed by the Legislature for the regulation, supervision and control of the affairs of building and loan associations and the method of procedure prescribed for their dissolution * * *" was "specific, adequate, complete and exclusive * * *."

Thus, if the statutes governing building and loan associations provide adequate means for the enforcement of their provisions, then quo warranto is not the appropriate remedy; *i. e.,* if there is an adequate remedy in the ordinary course of the law, quo warranto does not lie.

An examination of the statutes regulating building and loan associations reveals that specific enforcement provisions are included therein.

R. C. 1155.02 provides, in part:

"The Superintendent of Building and Loan Associations shall see that the laws relating to building and loan associations * * * are executed and enforced."

In the event a building and loan association fails to comply with the laws relating to it, provision is made in R. C. 1155.17 for forfeiture of "not less than fifty nor more than one thousand dollars."

In addition, R. C. 1157.01 provides:

"If upon examination the Superintendent of Building and Loan Associations finds that the affairs of a domestic building and loan association are in an unsound or unsafe condition, that it is conducting its business in whole or in substantial part contrary to law, that it is failing to comply with the law, or that its affairs are not being conducted for the best interests of its depositors, shareholders, or creditors, he may, with the written approval of the Di-

rector of Commerce, forthwith take possession of the business and property of such building and loan association.''

We are of the opinion that the statutory enforcement provisions set forth above provide an adequate method by which relator can perform his duty to ''see that the laws relating to building and loan associations * * * are executed and enforced.''

Therefore, the writ of quo warranto is denied.

*Writ denied.*

O'NEILL, C. J., SCHNEIDER, MANOS, STERN and LEACH, JJ., concur.

HERBERT, J., concurs in the judgment.

MANOS, J., of the Eighth Appellate District, sitting for DUNCAN, J.

HERBERT, J., concurring. I concur in the judgment in this case. However, prior decisions of this court, in other quo warranto litigation, seem to represent something less than consistency.

I would prefer that we have used the case at bar for a full analysis of this entire area of the law and, if necessary, to overrule, modify or distinguish some of our past pronouncements upon the subject of quo warranto.